UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARI A. HANNER, a married woman,

    Plaintiff,

    v.

UNITED STATES OF AMERICA; U.S. DEPARTMENT OF THE ARMY, a governmental agency and MADIGAN ARMY MEDICAL CENTER, a governmental agency,

    Defendants.

Case No. C08-5728FDB

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

Plaintiff's original complaint, filed December 5, 2008, alleging that defendants, U. S. Department of the Army and Madigan Army Medical Center, contravened the standard of reasonable medical care and caused injury to the plaintiff. Following Defendants' May 21, 2009 Motion to Dismiss [Dkt. # 9] (wherein it was noted that the wrong defendant had been named and that the proper defendant was the United States), Plaintiff's First Amended Complaint for Negligence [Dkt. # 11] was filed June 8, 2009; the United States of America was added as a defendant and the complaint is for simple negligence rather than medical negligence.

## MOTION AND ARGUMENTS

Defendants move for dismissal for failure of Plaintiff to file a certificate of merit pursuant to RCW § 7.70.150. Because the deadline for Plaintiff to file the certificate of merit was January 20,

ORDER - 1

2009 and because Plaintiff never filed the certificate of merit, Defendants contend that this cause of action must be dismissed.

Plaintiff responds to the motion to dismiss arguing that her injury was not the result of "health care." Plaintiff argues that the since the term "health care" is undefined in the statute, the dictionary definition may be used or the definition under RCW 70.02.010(5) or (9). Otherwise, a hospital employee without specialized training, schooling, etc., may act negligently and any cause of action for recompense might necessarily have to be prosecuted under RCW 7.70 *et seq.* Plaintiff points out that the amended complaint is couched in terms of simple negligence, and that, therefore, RCW 7:70 *et seq.* is inapplicable in the context of claims that do not involve the skill or training of a health care provider. In this case, Plaintiff argues, "irrespective of any knowledge, physically dropping an individual onto her person is simple negligence," and Washington's Medical Malpractice statutes do not apply to this cause of action.

Defendants reply that artful pleading cannot change the nature of Plaintiff's claim. Defendants cite details of Plaintiff's claim that are found in the SF 95 claim form submitted to the Madigan Army Medical Center[1] and reviewed by Claims Investigator Sally Nowak. [Attachments 1 & 2 (corrected form) to Hartley Decl.] The circumstances described in the claim reflect that following the successful birth of her daughter, Plaintiff was taken by wheelchair to her room for recovery. Two nurses attempted to assist Plaintiff onto her bed but were unsuccessful and Plaintiff fell to the floor.

Defendants first argue in their reply that Washington courts hold that an action for damages that result from health care is governed exclusively by RCW Chapter 7.70. *See, e.g., Branom v. Washington*, 94 Wash. App. 964 (Wash. App. 1999). Thus, Defendants continue, since there is no dispute that Plaintiff's allegations are against a "health care provider" – the nurses who allegedly

---

[1] A plaintiff/claimant must first present an administrative claim to the appropriate federal agency before filing suit pursuant to the FTCA. *See* 28 U.S.C. Section 2675(a).

ORDER - 2

dropped the plaintiff are health care providers (*See* Section 7.70.020(1) and Madigan, the medical facility, is a health care provider (*See* Section 7.70.020(3). Second, Defendants argue that Washington courts apply the dictionary definition of "health care" (since it is not defined in the statute): "'[t]he prevention, treatment, and management of mental and physical well-being through the services offered by the medical and allied health professions.'" *Branom*, 94 Wash. App. at 974. Defendants continue, that the nurses who attempted to assist Plaintiff into bed from a wheelchair following her labor and delivery were providing health care, and that Defendants contemplate that nurses at Madigan will assist in the transfer and ambulation of patients following labor and delivery. (*See* Harley Decl. ¶¶ 6 - 7, Attachment 3 ("Madigan Army Medical Center Memorandum for Member of The Obstetrical Team").

**DISCUSSION**

This cause of action was filed under the Federal Tort Claims Act, pursuant to which, the substantive law of the state in which the alleged negligence occurred, Washington, must be applied. *See* 28 U.S.C. §§ 1346(b)(1) and 2674. Pursuant to RCW § 7.70.150, a plaintiff alleging injury caused by a health care provider's violation of the accepted standard of care must file a certificate of merit executed by a qualified health care provider, which states that "there is a reasonable probability that the defendant's conduct did not follow the accepted standard of care required to be executed by the defendant." RCW § 7.70.150(1)-(3). While the certificate is generally filed at the commencement of the action, where, however, the cause of action is "commenced within forty-five days prior to expiration of the applicable statute of limitations, the plaintiff must file the certificate of merit no later than forty-five days after commencing the action." *Id.* Defendants concede that Plaintiff was entitled to this forty-five day extension, which expired on January 20, 2009.

Plaintiff's argument that her claim is for simple negligence by the nurses who were not providing health care at the time of the complained of incident is without merit. Madigan's "Memorandum for Member of The Obstetrical Team" (Hartley Decl. Attachment 3) states its

ORDER - 3

1 purpose as being to establish guidelines for patient care following delivery and discusses, among
2 other things, ambulation (subsection 4), including transfer from wheelchair to bed with assistance.
3 Thus, proper transfer and ambulation of a patient following labor and delivery requires utilization of
4 nursing skills and judgment. Consequently, Plaintiff was required to file a certificate of merit setting
5 forth competent testimony of an expert that Defendants did not act in conformance with the standard
6 of care. Plaintiff failed to file a certificate of merit pursuant to RCW § 7.70.150; consequently, this
7 cause of action must be dismissed for failure to state a claim upon which relief can be granted.

NOW, THEREFORE, IT IS ORDERED: Federal Defendants' Motion To Dismiss [Dkt. # 9] is GRANTED, and this cause of action is DISMISSED.

DATED this 22nd day of June, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4